# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

**Case Title:** Maribel Soto Rivera

**Case No.:** 19-91122 - E - 7
**Docket Control No.**
**Date:** 09/10/2020
**Time:** 10:30 AM

**Matter:** [77] - Motion/Application to Convert Case From Chapter 7 to Chapter 13 Filed by Debtor Maribel Soto Rivera (isaf)

**Judge: Ronald H. Sargis**
**Courtroom Deputy: Michelle Peterson**
**Reporter: Electronic Record**
**Department: E**

**APPEARANCES for:**
**Movant(s):**
(by phone) Specially Appearing for Debtor's Attorney - Gina Lisitsa
**Respondent(s):**
(by phone) Trustee - Michael D. McGranahan; (by phone) Trustee's Attorney - Loris L. Bakken

## CIVIL MINUTES

Motion Denied

Findings of fact and conclusions of law stated orally on the record

**The court will issue an order.**

Local Rule 9014-1(f)(1) Motion—Hearing Required.

Sufficient Notice Provided. [FN.1] The Proof of Service states that the Motion and supporting pleadings were served on Trustee's Attorney and Office of the United States Trustee on August 5, 2020. By the court's calculation, 36 days' notice was provided. 35 days' notice is required. FED. R. BANKR. P. 2002(a)(4) (requiring twenty-one-days' notice); LOCAL BANKR. R. 9014-1(f)(1)(B) (requiring fourteen-days' notice for written opposition).

---------------------------------------------------
FN.1. Debtor filed the Notice and Proof of Service in this matter as one document. That is not the practice in the Bankruptcy Court. "Motions, notices, objections, responses, replies, declarations, affidavits, other documentary evidence, exhibits, memoranda of points and authorities, other supporting documents, proofs of service, and related pleadings shall be filed as separate documents." LOCAL BANKR. R. 9004-2(c)(1). Counsel is reminded of the court's

expectation that documents filed with this court comply as required by Local Bankruptcy Rule 9004-1(a).  Failure to comply is cause to deny the motion. LOCAL BANKR. R. 1001-1(g), 9014-1(l).

-----------------------------------------------

The Motion to Convert has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1).  Failure of the respondent and other parties in interest to file written opposition at least fourteen days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local rule construing a party's failure to file opposition as consent to grant a motion).  The defaults of the non-responding parties and other parties in interest are entered.

> **The Motion to Convert the Chapter 7 Bankruptcy Case to a Case under Chapter 13 is denied.**

Maribel Soto Rivera ("Debtor") seeks to convert this case from one under Chapter 7 to one under Chapter 13.  Debtor did not submit a declaration providing testimony as to why this Chapter 7 case should be converted to one under Chapter 13.

The pleading titled Motion is a check-the-box form.  It appears to be a form from the Central District of California Bankruptcy Court.

**DISCUSSION**

The Bankruptcy Code authorizes a one-time, near-absolute right of conversion from Chapter 7 to Chapter 13. 11 U.S.C. § 706(a); *see also Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007).

Trustee filed an Opposition on August 27, 2020. Dckt. 80.  Trustee opposes on the basis that Debtor cannot propose a feasible Chapter 13 plan and she does not qualify to be a debtor under Chapter 13.  Trustee argues that:

> A.　The Debtor is not seeking conversion in good faith as such conversion was only after Trustee had filed a motion for turnover of the real property commonly known as 6225 Howard Avenue, Riverbank, CA ("Property") after discovering that the Property is valued at a much higher value than as disclosed by Debtor on her Schedule C and after failing to cooperate with Trustee in connection with the efforts to sell the Property.
>
> B.　This is Debtor's third filing, where the first filed on August 28, 2019 and the second case filed on November 7, 2019 were both dismissed for failure to timely file necessary documents.

C. The Debtor cannot propose a confirmable Chapter 13 plan because Debtor has non-exempt assets, namely the Property, available for distribution to creditors with general unsecured creditors and in order to meet the liquidation test pursuant to 11 U.S.C. 1325(a)(4), Debtor's plan must pay 100% of Debtor's general unsecured claims.

D. Further, as required under 11 U.S.C. Section 109(e), Debtor does not have sufficient income to fund a plan since according to Schedules I and J, Debtor has an income of $3,103.00 and expenses of $3,043, leaving a monthly net income of $60.00. Trustee asserting that $60.00 is clearly insufficient to fund a Chapter 13 plan to pay in full the scheduled claims in the amount of $58,850.00.

The Debtor offers no Reply to the Trustee's opposition.

Looking at Schedule I, under penalty of perjury, Debtor states that her net income from a business is $1,752 a month. Dckt. 20 at 26-27. Debtor further discloses receiving an additional $752 in alimony or other support or property settlement and $600 from renting out a room in the home. *Id.* The pre-tax total for Debtor is $3,103.00 a month.

Moving to Schedule J, Debtor states under penalty of perjury having a family unit of four persons - Debtor and three minor children. *Id.* at 28-29. For this family unit of four persons, Debtor states having expenses of $3,043.00 a month. This include $605 a month for food and housekeeping supplies for the four persons. After deducting $50 a month for housekeeping supplies, there would remain $555 a month for food for four persons. Over a thirty (30) day month, that averages $1.54 per person per meal. Such does not appear to be a sustainable food budget.

Next, Debtor budgets only $50 a month for clothing, which averages to be $12.50 per person per month. *Id.* That does not appear reasonable for an adult and three growing children.

Absent from the budget are any amounts for personal care expenses such as hair cuts, shampoo, soap, toothpaste and the like. Also missing from the budget are any medical or dental out of pocket expense amount for the adult and three minors. Neither of these omissions appear reasonable.

While Debtor's counsel has checked the box saying that the Debtor wants to convert, Debtor has offered nothing for the court to conclude that the request to convert is made for a proper purpose under the bankruptcy law, and not being made to cause undue delay or derail the Trustee in doing his duty for the bankruptcy estate.

The uncontradicted testimony is that the property of the bankruptcy estate has a value of in excess of $250,000 (see Declaration, Dckt. 82) and the Debtor is working to defeat the Trustee from liquidating the property. By Debtor's Amended Schedule C, she now states under penalty of perjury that the Property is worth $350,000. Dckt. 76. Even after allowing for a $100,000

homestead exemption, the Trustee's calculation is that there is sufficient non-exempt equity for a 100% dividend for creditors holding general unsecured claims.

From the Motion presented, the court cannot identify any good faith basis for Debtor seeking to convert the case to one under Chapter 13.

Although Debtor's case has not been converted previously, the court finds that Debtor does not qualify for relief under Chapter 13. Moreover, the court agrees with Trustee in that it seems unlikely that Debtor will be able to propose a confirmable plan.

For the reasons above, the Motion to Convert is denied.